UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-cr-00115-JMS-KMB |
| ) | |
| BRIAN K. BEELER, ) -01 | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| MICHELLE BEELER, ) | |
| ) | |
| Interested Party. ) | |

**<u>ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER IN GARNISHMENT</u>**

In December 2011, Defendant Brian Beeler was sentenced to a twenty-one-month term of imprisonment followed by two years of supervised release after pleading guilty to one count of committing wire fraud in violation of 18 U.S.C. §§ 1343 and 2. [Dkt. 29 at 1-3.] Mr. Beeler was also ordered to pay $277,358.00 in restitution. [*Id.* at 5.] On February 17, 2012, the Government filed a Notice of Lien in Marion County, Indiana, in favor of the Government upon all property belonging to Mr. Beeler. [Dkt. 51-2.]

The Government filed an Application for Writ of Garnishment on March 15, 2022, directed toward Centra Credit Union (the "Garnishee") seeking garnishment of the proceeds from an insurance check (the "Check") made payable to both Mr. Beeler and his wife, Interested Party Michelle Beeler. [*See* Dkt. 33.] The Check was issued to both Mr. and Ms. Beeler on an Indiana Farm Bureau Insurance policy for personal property lost in a fire at the couple's residence on November 8, 2021. [Dkts. 41 at 2; 41-2.] On December 29, 2021, Mr. Beeler filed for legal separation from Ms. Beeler. [Dkt. 49 at 1 n.1.] The Check, issued jointly to Mr. and Ms. Beeler

in the amount of $196,094.15 on February 1, 2022, was endorsed by both Mr. and Ms. Beeler and deposited into Ms. Beeler's Centra Credit Union account (the "Account"). [Dkt. 41-2.] An order granting Mr. and Ms. Beeler's legal separation was entered by the Marion County Superior Court on March 8, 2022.

Shortly after issuing the initial Application for Writ of Garnishment, the Government was contacted by counsel for Ms. Beeler who asserted an interest in the frozen funds on her behalf. [Dkt. 41 at 2.] The Government agreed to release the freeze as to half the amount of the deposited Check and issued an updated request to freeze funds in the amount of $98,047.08. [*Id.*] Mr. Beeler was served twice with the Writ of Garnishment and did not file a response or request a hearing on the matter. [*Id.* at 2-3.] Mr. Beeler did, however, file a letter with the Court stating that, "I wanted to inform the cour[]t that I signed the check over and have no inter[e]st in that money." [Dkt. 44.] The Government filed a Motion for Entry of Final Order in Garnishment on September 21, 2022. [Dkt. 41.]

On September 30, 2022, Ms. Beeler filed a Motion for Leave to Intervene, stating that she was the sole owner of the Account in which the Check was deposited and that Mr. Beeler had no interest in the Account or funds therein. [Dkt. 47 at 1.] The Motion included a "Statement Regarding Insurance Funds," signed by Mr. and Ms. Beeler on April 14, 2022, stating that Ms. Beeler's interest in the property insurance coverage amount is for more than the Check that was issued and that she is the rightful owner of the entire sum. [Dkt. 47-1.] Mr. Beeler stated that he had agreed to seek reimbursement for his damaged personal property from the remaining coverage of more than $70,000 under the policy. [*Id.*] Ms. Beeler's Motion to Intervene was granted on October 3, 2022, and Ms. Beeler was directed to file a response to the Government's Motion for Final Entry of Garnishment on or before October 5, 2022. [Dkt. 48.]

On October 5, 2022, Ms. Beeler filed a Response in Opposition to Motion for Entry of Final Order in Garnishment, arguing that because Mr. Beeler is not an account holder and does not have control of or the right to access funds in the Account where the Check was deposited, he has no interest in the Account or funds deposited there from the Check. [Dkt. 49 at 1-3.] Ms. Beeler also asserted that the Government failed to serve her notice in accordance with the Federal Debt Collection Procedures Act ("FDCPA") that it was seeking to garnish her account. [*Id.* at 4.] In Reply, the Government denied that it was attempting to garnish Ms. Beeler's Account but rather sought to garnish one-half of the funds from the jointly-issued Check that had been endorsed by both Mr. and Ms. Beeler and deposited into the Account. [Dkt. 51 at 3.]

Ms. Beeler responded by filing a Request for Hearing on Motion for Entry of Final Order in Garnishment on October 21, 2022, which was subsequently granted by the Court along with an Order that the Government and Ms. Beeler file supplemental briefing in advance. [Dkts. 52; 54.] The Court held an evidentiary hearing on December 2, 2022, at which counsel for both Ms. Beeler and the Government presented evidence and argument related to the issues pending before the Court.[1]

---

[1] After the hearing on the pending garnishment motion, Mr. Beeler contacted the Court and then filed a Complaint, stating that he was present in the gallery of the courtroom during the December 2, 2022 hearing and alleging that he observed the Government's attorney leading a government witness during certain cross-examination by Ms. Beeler's attorney. [Dkt. 64.] No additional filings have been made in response to Mr. Beeler's Complaint. The Court set a Telephonic Status Conference for any additional concerns to be addressed, [dkt. 65], but neither Mr. Beeler, counsel for Ms. Beeler, nor counsel for the Government attended that conference. The Court finds that because no objection was raised during the hearing either by counsel for Ms. Beeler or from Mr. Beeler himself—who did not make his presence in the gallery known to the Court until a phone call to chambers after the hearing—the issue raised by Mr. Beeler's Complaint is waived. Regardless of waiver, given that the testimony elicited from the Government's witness during cross-examination does not play a role in the Court's decision on the pending garnishment issue, the Court finds that even if Mr. Beeler is correct regarding what he observed, it would not affect the Court's decision on the ultimate issue at hand.

## I. LEGAL STANDARD

An order for payment of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). The statutory language "all rights and property" is broad and is "meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). The lien is subsequently perfected when a notice of lien is filed and may include property that is not fully owned by the defendant. *See United States v. Kollintzas*, 501 F.3d 796, 801-02 (7th Cir. 2007); *Nat'l Bank of Commerce*, 472 U.S. at 730. "A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." 28 U.S.C. § 3205(a). The Court will therefore initially look to state law to determine what rights the defendant has in the property that the Government seeks to reach, and then to federal law to determine whether the defendant's state-delineated rights qualify as "property" or "rights to property." *Kollintzas*, 501 F.3d at 802.

The defendant—or an interested third party—may object to the garnishment. *See* 28 U.S.C. § 3205(c)(5); *Kollintzas*, 501 F.3d at 801 (holding that the FDCPA's "third-party notice requirement and the provision regarding jointly owned property together imply that nonparties with an interest in the targeted property may participate in the collection proceedings for the purpose of asserting their interest in the property"). The person objecting to garnishment bears the burden of proof. *See* 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the

4

objection and bear the burden of proving such grounds."; *United States v. Miller*, 558 F. Supp. 3d 655, 659 (N.D. Ill. 2021).

## II.   ANALYSIS

### A. Mr. Beeler's Interest in and Control Over the Check

As the objecting party, Ms. Beeler has the burden of proving that she is entitled to the full value of the property that the Government seeks to garnish. *Miller*, 558 F. Supp. 3d. at 663; 28 U.S.C. § 3205(c)(5). Ms. Beeler must, therefore, "establish her claimed interest in the [property] in the garnishment proceedings before the district court." *Kollintzas*, 501 F.3d at 803.

The Government and Ms. Beeler disagree about which property interest is at issue. Ms. Beeler argues that the property interest at issue is the Account, which is undisputedly in her name only and to which Mr. Beeler does not have access. [Dkts. 49 at 1; 58 at 1.] The Government argues, and this Court agrees, that the property interest at issue is the Check, which was jointly issued to and endorsed by both Mr. and Ms. Beeler. [Dkt. 51 at 3.] While the funds from the Check have been deposited into Ms. Beeler's Account, the Account is merely the situs of the funds. The Government does not seek to garnish the Account itself, and Ms. Beeler does not and cannot argue that subject funds in the Account in the amount of $98,047.08 cannot be traced back to the Check.

Neither the Government nor Ms. Beeler addressed the property interest a party has in a jointly-issued check under Indiana law, instead focusing their arguments on the interest Mr. and Ms. Beeler have in property included in the marital estate. Whether the funds are viewed through the lens of a jointly-issued check or as property included in the marital estate, however, the result is the same: Mr. Beeler undeniably had a property interest in and control over the Check, such that it is subject to garnishment by the Government.

The Check was made payable to "Brian Beeler & Michelle Beeler." [Dkt. 41-2.] A check issued to two persons not alternatively (addressed to X *and* Y, not X *or* Y) is payable to both of them and may only be negotiated, discharged, or enforced by both of them. Ind. Code § 26-1-3.1-110(d). "If an instrument is payable to X and Y, neither X nor Y acting alone is the person to whom the instrument is payable. Neither person, acting alone, can be the holder of the instrument." *Id.* cmt. 4. As a joint payee on the Check, Mr. Beeler had a property interest in it, even if he could not unilaterally alienate said property. *United States v. Craft*, 535 U.S. 274, 284 (2002) ("Excluding property from a federal tax lien simply because the taxpayer does not have the power to unilaterally alienate it would, moreover, exempt a rather large amount of what is commonly thought of as property.").

If the Check is considered a part of the marital estate, it is reasonable that Mr. Beeler would be entitled to fifty percent of the proceeds. Under Indiana law, "[a]ll property owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before the final separation of the parties, or acquired by the joint effort of the parties is included within the marital estate." *Deckard v. Deckard*, 841 N.E. 2d 194, 200 (Ind. Ct. App. 2006) (citing Ind. Code § 31-15-7-4). Indiana law presumes that an equal division of property is just and reasonable. Ind. Code § 31-15-7-5. The Check was jointly issued to both Mr. and Ms. Beeler and was acquired through their joint effort to collect on an insurance policy in both of their names on their marital property. Further, despite Ms. Beeler's contention that she "was the sole owner of the vast majority of personal property damaged in the fire and is thus entitled to the insurance proceeds for replacing that property," [dkt. 49 at 3-4], she offers no other evidence supporting this claim, and she does not rebut the presumption that the funds in the marital estate should be divided

equally.  Accordingly, the Court concludes that Mr. Beeler has an interest in half of the funds of the Check under Indiana law.

Once a defendant's property rights under state law have been delineated, federal law determines whether the Government's lien attaches to the property in question, focusing primarily on the "breadth of control" the individual can exercise over the property. *Kollintzas*, 501 F.3d at 803.  Ms. Beeler's objection to this rests on the fact that Mr. Beeler does not have access to the Account in which the Check was ultimately deposited and, thus, cannot currently control or access the funds.  [*See* Dkts. 47; 49; 52; 58.]  This does not, however, negate the undeniable control that Mr. Beeler initially had over the jointly-issued Check.  The Check was issued on an insurance policy in both Mr. and Ms. Beeler's names.  [Dkt. 41-2 at 2-3.]  The Check was made out jointly to both Mr. and Ms. Beeler.  [*Id.* at 1.]  Both Mr. and Ms. Beeler endorsed the Check prior to the funds being deposited.  [*Id.*]  And perhaps most convincingly, Mr. Beeler himself admits that he initially had control over the Check and the funds therein in a letter he mailed to the Court in which he admits that he "signed the check over" to Ms. Beeler.  [Dkt. 44.]  If Mr. Beeler had no interest in or control over the Check as initially issued, there would have been nothing for him to "sign[] over" to Ms. Beeler.  All of this evidence confirms the control that Mr. Beeler had in the Check that was ultimately deposited into Ms. Beeler's Account.

Mr. Beeler cannot escape his restitution obligations by signing the Check over to be deposited into an account that he does not control.  Ms. Beeler has failed to cite, and this Court is not aware of, any authority that would permit a defendant to sign over his property interest to avoid garnishment.  Mr. Beeler's assertion that he has no interest in the property sought does not determine whether the property may be properly garnished.  *See United States v. Elliott*, 149 F. App'x 489, 494 (7th Cir. 2005).  The evidence cited above confirms that Mr. Beeler had control

7

over the Check, even if he ultimately attempted to pass those funds to someone else. *See Kollintzas*, 501 F.3d at 803 (citing *Drye v. United States*, 528 U.S. 49, 61 (1999)).

To the extent Ms. Beeler argues that the Court should refrain from determining Mr. and Ms. Beeler's property interests in the Check until the state court rules on their dissolution of marriage, [dkt. 58 at 6], this argument is without merit. The Government's lien was perfected in 2012—long before dissolution proceedings were commenced in late 2021. Accordingly, Ms. Beeler's opportunity to establish her interest in the property sought to be garnished is properly before this Court. *Kollintzas*, 501 F.3d at 803.

As the Interested Party objecting to the Government's garnishment motion, it is Ms. Beeler's burden to show that she is entitled to the full value of the property in which the Government has established Mr. Beeler's interest. *Miller*, 558 F. Supp. 3d. at 663. She has failed to carry that burden. Instead, the Court concludes that Mr. Beeler had a property interest in and control over the Check, such that it is subject to garnishment by the Government.

### B. Due Process for Ms. Beeler

Ms. Beeler also argues that the Government's Motion should be denied because it failed to notify her of the garnishment proceedings. [Dkts. 49 at 4; 52 at 2; 58 at 7.] The evidence shows, however, that Ms. Beeler was made aware of these proceedings, and retained counsel related to the same, as early as March or April 2022. [Dkt. 41 at 2.] She has filed extensive briefing on the matter and was able to present her evidence and arguments while being represented by counsel at an evidentiary hearing on December 2, 2022. In fact, counsel called Ms. Beeler to the stand and she testified regarding the various issues presented by the garnishment proceedings.

Accordingly, the Court concludes that Ms. Beeler has been afforded all the process due to attempt to establish her alleged superior interest in the Check. *See Miller*, 558 F. Supp. 3d at 658-

8

59 (rejecting wife's argument that she wasn't properly served with notice of garnishment proceedings because, among other things, she didn't establish any prejudice or cite any authority that the lack of service invalidated the proceedings; further, she actively participated with the assistance of counsel and "availed herself of the opportunity to present both documentary and testimonial evidence in support of her claims" to the property).

### III.   CONCLUSION

Based on the foregoing, the Government's Motion for Entry of Final Order in Garnishment, [dkt. 41], is **GRANTED**, and Mr. Beeler's Motion for Review of Complaint, [dkt. 64], is **DENIED**. The Court will promptly issue the Final Order in Garnishment by separate entry.

**So ORDERED.**

Date: 12/27/2022

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Copy by United States Mail to:

Brian Beeler
XXXX
Indianapolis, IN 46229